# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# DIVISION

| | |
|---|---|
| **KEVIN ANDERSON** and **JAY JACKSON**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **CIVIL ACTION NO.:** |
| **SANDERS ENGINEERING AND ANALYTICAL SERVICES, INC.**, | )<br>) 1:19-cv-00608<br>)<br>) |
| Defendant. | ) |

## **COMPLAINT**

### I.      **INTRODUCTION**

1. This is an action alleging brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., to remedy violations of the wage provisions of the FLSA by Defendant Sanders Engineering and Analytical Services, Inc., which have deprived Plaintiffs of their lawful wages. Plaintiffs seek, *inter alia*, equitable relief, lost wages and benefits, liquidated damages, and reasonable attorney fees and costs.

### II.     **JURISDICTION**

2. This Court has jurisdiction in accordance with 28 U.S.C. § 1331. Venue

is proper pursuant to 28 U.S.C. § 1391.

**III.   PARTIES**

3.   Plaintiff Kevin Anderson is an individual over the age of 19 years and a resident of Baldwin County, Alabama. From May 12, 2014 until May 16, 2019, Kevin Anderson worked as an Environmental Specialist for Defendant Sanders Engineering and Analytic Services, Inc.

4.   Plaintiff James Jackson is an individual over the age of 19 years and a resident of Mobile County, Alabama. From January 2014 until approximately February 6, 2019, James Jackson worked as an Environmental Specialist for Defendant Sanders Engineering and Analytic Services, Inc.

5.   Defendant Sanders Engineering and Analytical Services, Inc. (hereinafter referred to as "SEAS") is based in Semmes, Mobile County, Alabama. SEAS is an "employer" as defined under the FLSA.

**IV.   FACTUAL ALLEGATIONS**

6.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 5 above with the same force and effect as if fully set out in specific detail herein below.

7.   SEAS is an environmental engineering firm specializing in air emissions testing and permitting.

8. SEAS serves clients primarily in the Southeast region of the United States (Alabama, Florida, Georgia, Mississippi, and Louisiana).

9. SEAS management staff is located at an office in Semmes, Alabama and includes an office manager, operations manager, business development manager, and a senior environmental specialist.

10. All other SEAS employees (approximately 10-15) work in a position with the job title of Environmental Specialist. The Environmental Specialists work offsite, traveling to client locations, usually in teams of two to five.

11. The SEAS management staff communicates with clients, writes reports based on test results, makes bids for work, and recommends actions to clients based on test results. The management staff is also responsible for directing the work of the teams of Environmental Specialists working at offsite client locations.

12. Plaintiffs Anderson and Jackson were employed with SEAS as Environmental Specialists.

13. In their job as Environmental Specialists, Plaintiffs went out to client locations and performed various air quality or emissions testing, as directed by the project manager.

14. On a typical day, Plaintiffs would start by traveling to a location. Once there, they would be responsible for setting up all the testing equipment. Testing

equipment includes parts weighing up to 50 pounds that must be carried to various points in a particular plant and hoisted manually up on to the location's smoke stacks. Plaintiffs would climb ladders and use ropes to put into place the chords, pumps, and probes associated with the test equipment. This manual labor took approximately 1.5 to 2 hours to complete.

15. Together with the other Environmental Specialists on the team, Plaintiffs would then run the tests as directed by their operations manager. Tests could take from 4 to 12 hours. Running tests required Plaintiffs to either be up on a smoke stack pushing and pulling a stainless steel probe or to be on the ground collecting the data with a receiving box.

16. After the tests are completed, the Environmental Specialists must dismantle all the equipment and load it back onto their trailer.

17. Plaintiffs were classified as Exempt Employees per the FLSA and were paid a salary for all hours worked from Monday to Friday.

18. Despite classifying Plaintiffs as salaried and Exempt, SEAS paid Plaintiffs at an overtime rate for any hours worked on Saturday or Sunday, regardless of the number of hours worked Monday through Friday.

19. SEAS calculated Plaintiffs' overtime rate from each Plaintiffs' yearly salary, based on a 40 hour work week.

20.     Plaintiffs regularly worked more than 40 hours during the Monday to Friday time period.

21.     SEAS knew how many hours Plaintiffs were working because SEAS billed its clients based on the number of hours Plaintiffs worked.

22.     In 2006, the Defendant was sued by two employees for violations of the FLSA, *Ryan Powell and John Wilson. v. Sanders Engineering Services, Inc. and Analytical Services and Johnny W. Sanders*, Case 1:06-cv-00472-CG-B (S.D. AL.) Plaintiffs Powell and Wilson alleged that they had been denied overtime compensation. [Doc. 1.] Upon information and belief, the Defendant had unlawfully designated those plaintiffs exempt "engineers." The parties reached a settlement which was approved by this Court. [Id. at Doc. 28] Upon information and belief, the issues in the case at bar are substantially similar to those of the *Powell* case.

**V.     CAUSE OF ACTION**

23.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 above with the same force and effect as if fully set out in specific detail herein below.

24.     For all times material to this action, Defendant has been an enterprise engaged in commerce and is an "employer" subject to the requirements of the FLSA.

25.     Plaintiffs are employees whose work for Defendant regularly involves

them in interstate commerce because, *inter alia*, they regularly travel to other States as part of their job.

26. The provisions set forth in sections 206 and 207 of the FLSA apply to Defendant; the Plaintiffs have been covered by sections 206 and 207 of the FLSA during their employment with Defendant.

27. Pursuant to 29 U.S.C. 206 and 207 of the FLSA, covered employers are required to pay employees a minimum hourly wage and are required to pay 1.5 times the regular rate of pay for all hours worked in excess of 40 per week.

28. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by SEAS which have deprived the Plaintiffs of their lawful wages.

29. For at least three years prior to filing this Complaint, SEAS has had a uniform policy and practice of consistently requiring its employees classified as Environmental Specialists to work over 40 hours per week for a salaried amount without appropriate overtime compensation.

30. While employed with Defendant as "Environmental Specialists", Plaintiffs spent the majority of their time performing manual labor, including, but not limited to, carrying testing equipment, climbing in and around plants, using a nozzle brush, collecting samples, setting up and dismantling testing equipment, driving a

truck, and other typical non-exempt tasks.

31.  Plaintiffs were paid a specified bi-weekly salary. Plaintiffs were not paid overtime compensation for hours over 40 worked Monday through Friday despite the fact that they worked well over the required 40 hours a week to entitle them to overtime pay.

32.  As Environmental Specialists, Plaintiffs did not manage or supervise any employees. The vast majority of Plaintiffs' time was spent on routine, non-exempt tasks that required a significant amount of physical, manual labor to complete.

33.  Plaintiffs were supervised by the operations manager and management staff at the Semmes office. The operations manager gave specific instructions to each team of Environmental Specialists regarding what needed to be accomplished at each location that day. If a customer asked an Environmental Specialist a question on site, the Environmental Specialist was required to tell the customer to take his/her the question to the SEAS management staff at the Semmes office.

34.  On information and belief, each and every SEAS offsite team was managed on the same basis.

35.  Plaintiffs seek overtime compensation, an equal amount of liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. § 216(b). At all times since 2016, SEAS had a uniform corporate policy and practice requiring Plaintiff

Case 1:19-cv-00608-JB-N   Document 1   Filed 09/04/19   Page 8 of 10   PageID #: 8

Environmental Specialists to work well over forty (40) hours in a workweek for a salaried amount without appropriate overtime compensation.

36. The services performed by Plaintiffs were a necessary and integral part of and directly essential to SEAS's business strategy.

37. SEAS has intentionally failed and/or refused to pay Plaintiffs according to the provisions of the FLSA.

38. The systems, practices, and duties of the Plaintiffs have existed for at least three years throughout SEAS's businesses nationally.

39. For at least three years, SEAS has been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation.  Despite this knowledge, SEAS has failed to pay the Plaintiffs the mandatory lawful overtime compensation as required by the FLSA.

40. SEAS has not made a good faith effort to comply with the FLSA.

41. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive overtime compensation for all hours over 40 worked in the Monday through Friday time periods each week in accordance with sections 206 and 207 of the FLSA.

42. In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, they are also entitled to recover an additional equal amount as liquidated

damages pursuant to 29 U.S.C. 216(b) and prejudgment interest.

43. On information and belief, Defendant's actions in failing to compensate Plaintiffs in violation of the FLSA, were willful.

44. Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. 216(b).

45. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, and a declaratory judgment is their only means of securing adequate relief.

46. Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, pursuant to the FLSA, Plaintiffs pray for the following relief:

a. An order awarding damages to Plaintiffs in the amount of their respective unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

b. An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

c. Such other legal and equitable relief to which Plaintiffs might be entitled including, but not limited to, declaratory and injunctive relief;

**JURY DEMAND**

**THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.**

        Respectfully submitted,

        */s/Henry Brewster*    .
        Henry Brewster (BREWH7737)
        HENRY BREWSTER, LLC
        205 N. Conception Street
        Mobile, AL 36603
        Phone: 251-338-0630
        Email: hbrewster@brewsterlaw.net

        */s/Rachel McGinley*  .
        Rachel McGinley (MCGIR1892)
        WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
        301 - 19th Street N.
        Birmingham, AL 35203
        Phone: 205-254-0546
        Email: rmcginley@wigginschilds.com

The Defendant May Be Served At:

Sanders Engineering and Analytical Services, Inc.
C/O Agent Johnny Sanders
1469 Oak Vale Court
Mobile, AL 36609-2206